[Cite as *State v. Courie*, 2015-Ohio-2894.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2014-A-0043** |
| - vs - | : | |
| CHARLES C. COURIE, JR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2012 CR 523.

Judgment: Affirmed in part, reversed in part, and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Michelle M. French,* Law Offices of Michelle M. French, LLC, P.O. Box 293, Jefferson, OH 44047 (For Defendant-Appellant).


COLLEEN MARY O'TOOLE, J.

{¶1}   Charles C. Courie, Jr., appeals from the judgment entry of the Ashtabula County Court of Common Pleas, sentencing him, following a jury trial, to four years imprisonment for unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A). Mr. Courie contends the trial court abused its discretion in failing to sustain challenges for cause to two jurors, David Holdson and Jerry Sipan. He further contends the trial court erred in failing to instruct the jury on accident. Finding merit in the contention that

failing to sustain the challenge to Mr. Sipan was error, we affirm in part, reverse in part, and remand.

{¶2} The following facts are taken from the transcript of trial.

{¶3} Heather Young lives across the street from Nicole Fugate, and her minor daughter, T.F. Ms. Young's daughter is the same age as T.F., and the girls spend time together at Ms. Young's house. Ms. Young testified that Mr. Courie is a friend of her father, that she has known him her whole life, and that she sees him daily. She denied having a sexual relationship with him. T.F. testified she knew Mr. Courie from seeing him at Ms. Young's.

{¶4} On the weekend of May 26 and 27, 2012, Ms. Young and T.F., then aged 14, went camping at Kenisee Campgrounds in Geneva, Ohio. Mr. Courie does maintenance at the camp, and Ms. Young and T.F. were to stay at his apartment. They toured the camp, and ate hamburgers. Ms. Young testified that Mr. Courie was with them, and that he drank heavily. Ms. Young also drank, and admitted giving T.F. a wine cooler.

{¶5} Mr. Courie stated that both Ms. Young and T.F. told him T.F. was 18 years old. Ms. Young denied this, but another camper, Joshua Vincent, testified that Ms. Young told him and other campers that T.F. was 18, and could drink alcohol, and that Mr. Courie was within hearing distance when this was said. T.F. denied ever telling anyone her age that evening.

{¶6}    Eventually the party returned to Mr. Courie's apartment, where Ms. Young and T.F. were to sleep on a fold out couch in the living room. They watched television. Mr. Courie gave both Ms. Young and T.F. massages. T.F. testified this made her very uncomfortable.

{¶7}    Ms. Young fell asleep. Mr. Courie testified that he retired to his bedroom and that after a few minutes, someone entered, and began performing oral sex on him. He testified that he and Ms. Young had a longstanding sexual relationship, and he thought it was her. Mr. Courie is blind in one eye, and has poor vision otherwise. He testified that after a moment, Ms. Young began pounding on the door, and he realized he was in bed with T.F. He testified he never intended to have sex with a minor.

{¶8}    T.F. testified that after Ms. Young fell asleep, Mr. Courie began touching "her private area," and that she went to his bedroom, and unsuccessfully tried to lock the door. She testified that Mr. Courie entered, locked the door, turned off the lights, and jumped into bed, thereafter performing various sexual acts on her. Ms. Young began pounding on the door, and T.F. escaped. T.F. testified Mr. Courie told Ms. Young "nothing happened," and "it was a mistake."

{¶9}    Detective Michael Rose is an employee of the Ashtabula County Children's Services Board, commissioned by the Ashtabula County Sheriff. He interviewed the parties. He further testified that while no semen was found in the analysis of T.F.'s rape kit, Mr. Courie's DNA was found in her underwear.

{¶10} Mr. Courie was indicted August 23, 2012. At his arraignment, he pled not guilty. Jury trial commenced April 7, 2014. April 9, 2014, the jury found Mr. Courie guilty of unlawful sexual conduct with a minor, having been convicted previously of sexual battery.[1]

{¶11} Sentencing hearing went forward June 25, 2014; the trial court filed its judgment entry of sentence two days later. Notice of appeal was timely filed July 16, 2014, Mr. Courie assigning three errors. The first two read:

{¶12} "[1.] The trial court erred to the prejudice of the Appellant by failing to dismiss for cause Juror David Holdson, in violation of Rule 11(C)(2)(a) of the Ohio Rules of Criminal Procedure, and the Appellant's Rights under the Sixth Amendment to the U.S. Constitution, Article I, Sections 10 and 16, of the Ohio Constitution, and Ohio Revised Code Section 2945.25.

{¶13} "[2.] The trial court erred to the prejudice of the Appellant by failing to dismiss for cause Juror Jerry Sipan, in violation of Rule 11(C)(2)(a) of the Ohio Rules of Criminal Procedure, and the Appellant's Rights under the Sixth Amendment to the U.S. Constitution, Article I, Sections 10 and 16, of the Ohio Constitution, and Ohio Revised Code Section 2945.25."

{¶14} We consider these assignments of error together.

{¶15} During voir dire, Mr. Holdson stated he and Nicholas Iarocci, the Ashtabula County Prosecutor, are good friends, and that their daughters are college roommates. He and Mr. Iarocci serve together on a board, and exchange weekly emails and communications regarding the board's business. Nevertheless, he stated he could be fair, and make his decisions based on the law and evidence. This case

---

1. The parties had stipulated to Mr. Courie's prior conviction.

4

was not tried by Mr. Iarocci himself, but by Assistant Prosecutor Susan Thomas. Defense counsel challenged Mr. Holdson for cause, which challenge the trial court denied. Mr. Holdson was removed by a peremptory challenge.

{¶16} Mr. Sipan is a retired state highway patroller, well acquainted with the trial court, and Ms. Thomas. He stated he has extensive ties to local police agencies. His wife is an adult probation officer for Ashtabula County. He stated that he and Detective Rose, the lead investigator in this case, are friends, and Detective Rose agreed with this, on the record, in front of the jury pool. However, Mr. Sipan agreed with defense counsel that the police make mistakes, and stated he would be fair to both sides. Defense counsel challenged Mr. Sipan for cause, which challenge the trial court denied. He was thereafter removed by peremptory challenge.

{¶17} Eventually, Mr. Courie used all of his peremptory challenges. Defense counsel moved the trial court to grant two extra peremptory challenges to each party. The state opposed this motion, and the trial court denied it. This occurred prior to the empanelling of the jury.

{¶18} A trial court's ruling on a challenge for cause is reviewed for abuse of discretion. *State v. Freshwater*, 11th Dist. Lake No. 2002-L-041, 2004-Ohio-384, ¶19. Regarding this standard, we recall the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

5

{¶19} If a challenge for cause is denied, thus requiring a defendant to exhaust his or her peremptory challenges prior to the empanelling of a jury, there may be prejudice. *State v. Kirkbride*, 5th Dist. Muskingum No. C.T. 93-15, 1994 Ohio App. LEXIS 1846, *8-9 (April 1, 1994).

{¶20} R.C. 2945.25 provides, in pertinent part:

{¶21} "A person called as a juror in a criminal case may be challenged for the following causes:

{¶22} "* * *

{¶23} "(B) That he is possessed of a state of mind evincing enmity or bias toward the defendant or the state; but no person summoned as a juror shall be disqualified by reason of a previously formed or expressed opinion with reference to the guilt or innocence of the accused, if the court is satisfied, from examination of the juror or from other evidence, that he will render an impartial verdict according to the law and the evidence submitted to the jury at the trial;

{¶24} "* * *

{¶25} "(O) That he otherwise is unsuitable for any other cause to serve as a juror."

{¶26} *See also* R.C. 2313.17(B)(9); Crim.R. 24(C)(9) and (14).

{¶27} In this case, Mr. Courie contends the close personal relationship between Mr. Holdson and Mr. Iarocci, the county prosecutor, rendered the former suspect as a juror. We respectfully disagree. First, Mr. Iarocci did not appear in this case, except through his assistant, Ms. Thomas. There is nothing in the record indicating Mr. Holdson knows her. Further, there is nothing in the record indicating Mr. Holdson's

6

connection with Mr. Iarocci has anything to do with the latter's office. The record indicates it is personal, and related to the board on which they serve together. Mr. Holdson affirmed he could and would be fair and impartial.

{¶28} The first assignment of error lacks merit.

{¶29} Regarding the challenge to Mr. Sipan, Mr. Courie relies heavily on the Fifth District's decision in *Kirkbride*, *supra*. In that case, the trial court denied a challenge for cause to a prospective juror who was a senior member of the State Highway Patrol. *Id.* at *8-9. The prospective juror was still actively employed, and worked regularly with the arresting officers in the case at bar. *Id.* at *9-14. The Fifth District held that the challenge for cause should have been upheld pursuant to R.C. 2945.25(B), evidently on the basis that the prospective juror's answers in voir dire indicated a bias toward the state. *Id.* at *14-15.

{¶30} In this case, the state differentiates *Kirkbride*, emphasizing that Mr. Sipan was retired from the State Highway Patrol, and had no further active connection to police work.

{¶31} We agree with the state that *Kirkbride* is inapplicable. The decision of the Fifth District was grounded on the fact that the juror challenged continued to have a close working relationship with the arresting officers. Mr. Sipan did not. However, the record in this case indicates that Mr. Sipan's admitted friendship with Detective Rose, the lead investigator and a principal witness in this case, was both personal, and founded on their former professional relations. Mr. Sipan's wife remained an active probation officer for the county. The personal element to the relationship between Mr. Sipan and Detective Rose seems problematic. Under the circumstances, we find it was

error for the trial court to deny the challenge for cause, pursuant to R.C. 2945.25(O) and Crim.R. 24(C)(14). While we do not question Mr. Sipan's probity, the relationship between the prospective juror and the state's witness was simply too close.

{¶32} The dissent seems to imply our decision casts aspersions on the police; that we are saying that performing the vital and dangerous duties of an officer of the peace renders a person suspect as a juror in criminal cases. This is obviously untrue, and certainly not our finding. Rather, this decision is premised on the fact that an admitted close, personal friendship existed between a juror, and a principal witness. There are few, if any, more precious rights we Americans have, under the constitution, than the right to trial by jury. Any defendant, civil or criminal, might look askance upon his or her fate being decided, in part, by a personal friend of one of the opposing party's principal witnesses – even if that friendship was properly set aside by the juror.

{¶33} The second assignment of error has merit.

{¶34} Mr. Courie's third assignment of error reads:

{¶35} "The trial court erred to the prejudice of the Appellant by failing to give the jury an accident instruction when properly supported by the Record, in violation of the Defendant's right to a fair trial guaranteed by the Sixth Amendment to the U.S. Constitution and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶36} During the course of trial, defense counsel made both written and oral motions for an instruction on accident. The motions were based on Mr. Courie's testimony that he had been lead to believe T.F. was 18 years old, and his belief that his sexual partner was Ms. Young.

8

{¶37} "Accident is an unintentional act that denies a culpable mental state." *State v. Smiley*, 8th Dist. Cuyahoga No. 93853, 2010-Ohio-4349, ¶13. In *State v. Brady*, 48 Ohio App.3d 41, 42 (11th Dist.1988), this court stated:

{¶38} "It is prejudicial error in a criminal case to refuse to give a requested charge which is pertinent to the case, states the law correctly, and is not covered by the general charge, or by another special charge which is given. *Cincinnati v. Epperson* (1969), 20 Ohio St. 2d 59, * * *; *State v. Nelson* (1973), 36 Ohio St. 2d 79, * * *, overruled in part on other grounds in *State v. Fanning* (1982), 1 Ohio St. 3d 19, * * *.

{¶39} "'Where accident has been raised as a defense *and has record support*, the judge need only explain the elements of accident and instruct that proof of accident negates guilt (* * *).' (Emphasis added.) *State v. Rivers* (1977), 50 Ohio App. 2d 129, * * *, paragraph six of the syllabus." (Emphasis sic.)

{¶40} Mr. Courie was convicted of unlawful sexual conduct with a minor, R.C. 2907.04., which provides, in pertinent part:

{¶41} "(A) No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the other person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard."

{¶42} Thus, the culpable mental states for the crime are knowledge, or recklessness. In *State v. Whitacre*, 11th Dist. Trumbull No. 2013-T-0045, 2014-Ohio-1369, ¶11, we stated:

9

{¶43} "R.C. 2901.22(C) states the definition of 'recklessly':

{¶44} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

{¶45} Mr. Courie contends he was entitled to an instruction on accident because the record, via his own testimony, provides support for his contention that he believed T.F. was at least 18 years old, and, that in any case, he believed his sexual partner was Ms. Young. In overruling the motions for an accident instruction, the learned trial court stated that the general instruction on recklessness was sufficient to cover these issues: i.e., if the jury accepted Mr. Courie's testimony, it could not find he had perversely disregarded circumstances likely to exist. R.C. 2901.22(C).

{¶46} We agree with the trial court. An instruction on accident is only required if the general charge, or another special charge does not cover the circumstances allegedly giving rise to the accident. *Brady*, *supra*, at 42. As the trial court stated, if the jury accepted Mr. Courie's testimony, it could not find he acted recklessly.

{¶47} The third assignment of error lacks merit.

{¶48} The judgment of the Ashtabula County Court of Common Pleas is affirmed in part, and reversed in part, and this matter is remanded for further proceedings consistent with this opinion.

10

DIANE V. GRENDELL, J., concurs in Judgment Only,

CYNTHIA WESTCOTT RICE, J., dissents with a Dissenting Opinion.

_____

CYNTHIA WESTCOTT RICE, J., dissents with a Dissenting Opinion.

{¶49} The majority finds merit in appellant's second assignment of error, under which appellant argues the trial court erred in denying a defense challenge against potential juror Sipan for bias due to his connection, as a former state highway patrolman, with the lead investigator for the state. Appellant asserts he suffered prejudice because he exhausted his peremptory challenges after the trial court denied the challenge against Sipan for cause. For the following reasons, I disagree and would affirm the trial court.

{¶50} Preliminarily, I wish to emphasize an appellate court's limited standard of review on a trial court's denial of a challenge for cause. To wit, "[o]n a challenge for cause, '[t]he ultimate question is whether the "juror sw[ore] that he could set aside any opinion he might hold and decide the case on the evidence, and [whether] the juror's protestation of impartiality [should be] believed."'" *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, ¶140, quoting *White v. Mitchell*, 431 F.3d 517, 538 (6th Cir.2005), quoting *Patton v. Yount*, 467 U.S. 1025, 1035 (1984). "'Deference *must be paid to the trial judge* who sees and hears the juror.'" (Emphasis added). *State v. Tyler*, 50 Ohio St.3d 24, 30 (1990), quoting *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). This means an appellate court may not second-guess a trial court's determination that a juror is able to hear a case and apply the law impartially. *State v. Wilson*, 29 Ohio St.2d 203, 211

11

(1972). When a defendant challenges a prospective juror for cause, a trial court's ruling "will not be disturbed on appeal unless it is manifestly arbitrary and unsupported by substantial testimony, so as to constitute an abuse of discretion." *State v. Williams*, 79 Ohio St.3d 1, 8 (1997).

{¶51} In this case, the trial judge's decision denying appellant's challenge for cause was fundamentally reasonable and based upon potential juror Sipan's persuasive, express assurances that he was fair and would weigh the evidence with impartiality. Given the trial court's broad discretion, the circumstances of this case, as well as this court's limited standard of review, it is clear that the majority is overstepping its legal authority in concluding appellant was prejudiced by the trial court's ruling.

{¶52} During voir dire, potential juror Sipan stated he is a retired state highway patrolman; he further stated he has "associations" with "a lot of police departments," the trial judge, as well as the prosecutor's office. Sipan also disclosed his friendship with Detective Mike Rose, the lead investigator in the case. Despite his stated connections and background, however, Sipan expressly stated he could be fair and impartial. He also recognized that police officers can make mistakes. Sipan stated he was "a pretty fair individual" who could give appellant "a fair shake." And, when Sipan was asked by defense counsel, on a scale of one to 10, 10 being most guilty, how guilty did Sipan think appellant was prior to trial, he responded "[r]ight now he's not guilty until proven[.]"

{¶53} Despite Sipan's statements that he could be fair and impartial, the majority concludes the trial court erred to appellant's prejudice by not dismissing him for cause. The majority maintains that Sipan was unsuitable to serve as a juror on the panel because "the relationship between the prospective juror and [Detective Rose] was

12

simply too close." *See* R.C. 2945.25(O) and Crim.R. 24(C)(14) (a person called as a juror in a criminal matter may be challenged because he or she is "otherwise unsuitable for any other cause to serve as a juror.")

{¶54} There is nothing in either Crim.R. 24(C) or R.C. 2945.25 which requires the removal, for cause, of a retired law enforcement officer from a jury in a criminal case. There is also nothing in the transcript to indicate that juror Sipan could not be fair and impartial despite his law enforcement background or connection to Detective Rose. To the contrary, Sipan considered himself a fair individual and declared he could be fair and impartial towards appellant. Although the majority seizes upon Sipan's friendship with the lead investigator as a basis for its conclusion, Sipan stated he would have no trouble fairly weighing Detective Rose's testimony. Furthermore, there is nothing in the record to indicate potential juror Sipan had any current or would have any prospective professional affiliations with the detective that might potentially slant his impartiality. In short, friendship or professional acquaintanceship neither necessarily nor automatically divests an individual of his or her analytic objectivity.

{¶55} A prospective juror need not be disqualified merely because he or she is a former police officer or a close friend or relative of a police officer. *See State v. Wolfe*, 4th Dist. Gallia No. 95CA04, 1996 Ohio App. LEXIS 2605, *14, *20-21 (June 17, 1996). Rather, the trial judge must determine, on a case-by-case basis, whether the juror can be fair and impartial. *See State v. Murphy*, 91 Ohio St.3d 516, 525 (2001). Under the circumstances of this case, there was no indication that potential juror Sipan could not be fair and impartial. To the contrary, he stated, several times, he was impartial and his connection would not affect his ability to be fair. And there was no reason for the court

13

to doubt Sipan's credibility on this issue. In reversing the trial judge's denial of the challenge for cause, the majority has failed to give proper deference to the judge's decision and is, in effect, second-guessing the reasonable exercise of his discretion.

{¶56} One final point requires attention. The majority asserts my position "seems to" implicitly indict the majority analysis as, in effect, anti-police. This dissent merely challenges the judicial wisdom of undermining the sound exercise of a trial judge's discretion. The facts of this case involve a former police officer, but my dissent in no way suggests the majority has any hidden ax to grind against the police. The majority's strange, if not completely baseless, interpretation of this dissent says more about its interpretative projections than it does about the legal or jurisprudential content of my analysis.

{¶57} I would therefore hold the trial court's decision to deny appellant's challenge for cause was not so manifestly arbitrary and unreasonable as to constitute an abuse of discretion.

{¶58} I therefore dissent.