[Cite as *State v. Voll*, 2012-Ohio-3900.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,              CASE NO.  14-12-04

    v.

JONNA M. VOLL,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marysville Municipal Court
Trial Court No. CRB1100716

Judgment Affirmed

Date of Decision:   August 27, 2012

APPEARANCES:

    *Alison Boggs*  for Appellant

    *Tim M. Aslaner*  for Appellee

**SHAW, P.J.**

{¶1} Defendant-appellant Jonna M. Voll ("Voll") appeals the January 9, 2012, judgment of the Marysville Municipal Court in Union County, Ohio finding her guilty of possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.

{¶2} The facts relevant to this appeal are as follows. On September 18, 2011 at approximately 5:10 p.m., a vehicle in which Voll was a backseat passenger was stopped by Trooper Beynon[1] for failing to use a turn signal in Union County. When Trooper Beynon approached the vehicle, he asked the driver to step out of the vehicle for officer safety purposes.

{¶3} Trooper Beynon took the driver back to his vehicle and explained to the driver why the driver had been stopped. According to Trooper Beynon, the driver was very nervous, was trembling, and his pulse was visibly accelerated. Trooper Beynon then asked the driver if there were any narcotics or weapons in the car, to which the driver said there were not. When Trooper Beynon asked if he could search the vehicle, the driver said that Trooper Beynon would need a warrant.

---

[1] The official transcript provided in the record misstates Trooper Beynon's name as "Trooper Biner." Voll's brief also refers to Trooper Beynon as "Trooper Biner." However, as pointed out in the State's brief, "Trooper Biner" is actually "Trooper Beynon." Trooper Beynon was the officer who issued the citation in the record. (Doc. 1). His report was also provided in discovery and that report is also contained in the record. (Doc. 14).

-2-

{¶4} At that time Trooper Beynon called for a canine unit to arrive on scene. Shortly thereafter Trooper Bryner[2] arrived to assist with officer safety, and then Deputy Roberts arrived with the canine.

{¶5} Deputy Roberts advised Trooper Beynon that the canine "alert[ed]" on the vehicle. Subsequently Trooper Beynon went back to the vehicle in question and asked the right rear passenger, Eric Dear, to step out. Dear was seated behind the front passenger, to the right of Voll in the backseat. When Dear stepped out of the vehicle, Trooper Bryner informed Trooper Beynon that there was what appeared to be a glass "crack" pipe in plain view to the left of where Dear was seated on the backseat of the vehicle. According to Trooper Bryner, the pipe was to the left of Dear's seatbelt receiver approximately six to twelve inches to the right of Voll.

{¶6} Trooper Beynon subsequently removed Voll from the vehicle. Trooper Beynon stated that Voll appeared nervous, adding he observed that the artery in Voll's neck was pumping very fast consistent with an elevated heart rate. Trooper Beynon asked Voll about the crack pipe that was lying in plain view and she said she had no knowledge of it being in the vehicle.

---

[2] Trooper Bryner's name was misspelled in the official transcript provided to this court. In the transcript, Trooper Bryner's name is spelled "Briner." Voll thus also misspells Trooper Bryner's name in her brief to this court. Trooper Bryner's name was also disclosed in discovery and is contained elsewhere in the record. (Doc. 14).

{**¶7**} Ultimately Voll was charged with possession of drug paraphernalia in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree. Voll pled not guilty and the case proceeded to a bench trial on January 9, 2012.

{**¶8**} At trial the State called Troopers Beynon and Bryner who gave testimony regarding the stop. Trooper Beynon also identified the pipe itself and the lab results finding that residue in the pipe was crack. Both the pipe and the lab results were entered into evidence. The State then rested. After the State rested and the defense's Rule 29 motion for acquittal was denied, Voll took the stand in her own defense, claiming that she had no knowledge of the crack pipe, that she had never used crack, and that the crack pipe was not hers. The defense then rested its case. The court then found Voll guilty of possession of drug paraphernalia.

{**¶9**} Immediately after the bench trial the case proceeded to sentencing. Voll was sentenced to 30 days in jail and was ordered to pay a $250 fine. All of the jail time and $100 of the fine were suspended on the conditions that Voll not violate any laws, pay her court costs and fines, and complete a drug/alcohol evaluation at a court approved facility and abide by all counseling recommendations for one year. (Doc. 25). A judgment entry memorializing these terms was filed that same day, January 9, 2012. (*Id.*)

{¶10} It is from this judgment that Voll appeals, asserting the following assignments of error for our review.

**ASSIGNMENT OF ERROR 1**
**THERE WAS INSUFFICIENT EVIDENCE FOR THE TRIAL COURT TO FIND DEFENDANT GUILTY OF POSSESSION OF DRUG PARAPHERNALIA.**

**ASSIGNMENT OF ERROR 2**
**THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶11} For ease of discussion, we elect to address the assignments of error together.

*First and Second Assignments of Error*

{¶12} In Voll's first and second assignments of error she argues that there was insufficient evidence to support her conviction for possession of drug paraphernalia and that her conviction for possession of drug paraphernalia was against the manifest weight of the evidence. Specifically Voll argues that the State did not establish that Voll was in constructive possession of the crack pipe found near her in the backseat of the vehicle.

{¶13} The Supreme Court of Ohio has "carefully distinguished the terms 'sufficiency' and 'weight' in criminal cases, declaring that 'manifest weight' and 'legal sufficiency' are 'both quantitatively and qualitatively' different. *Eastley v. Volkman*, --- Ohio St.3d ---, 2012-Ohio-2179, ¶ 10, quoting *State v. Thompkins*, 78 Ohio St.3d 380 (1997), paragraph two of the syllabus.

{¶14} The Ohio Supreme Court has set forth the sufficiency of the evidence test as follows:

> **An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.**

*State v. Jenks*, 61 Ohio St.3d 259 (1991), at syllabus, superseded by state constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89 (1997); *Eastley*, *supra*, at ¶ 10.

{¶15} Unlike our review of the sufficiency of the evidence, an appellate court's function when reviewing the weight of the evidence is to determine whether the greater amount of credible evidence supports the verdict. *Eastley*, *supra*, at ¶ 12; *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). In reviewing whether the trial court's judgment was against the weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *Id*. In doing so, this Court must review the entire record, weigh the evidence and all of the reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction

must be reversed and a new trial ordered. *State v. Andrews*, 3d Dist. No. 1-05-70, 2006-Ohio-3764, ¶ 30, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1983); *Thompkins*, 78 Ohio St.3d at 387.

**{¶16}** To prove the charge of possession of drug paraphernalia, the State had to show that Voll "knowingly use[d], or possess[ed] with purpose to use, drug paraphernalia." R.C. 2925.14(C)(1).

**{¶17}** The Revised Code defines "possession" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

**{¶18}** Possession may be actual or constructive. *State v. Haynes*, 25 Ohio St.2d 264 (1971). To prove constructive possession, the State must demonstrate that Voll was able to exercise dominion or control over the item, even though the item may not be within her immediate physical possession. *State v. Wolery*, 46 Ohio St.2d 316 (1976); *see also*, *State v. Alexander*, 8th Dist. No. 90509, 2009-Ohio-597, at ¶ 23 citing *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus; *State v. Messer*, 107 Ohio App.3d 51, 56 (9th Dist.1995). Ownership need not be proven to establish constructive possession. *State v. Fry*, 9th Dist. No. 23211, 2007-Ohio-3240, ¶47, citing *State v. Mann*, 93 Ohio App.3d 301, 308 (8th Dist.1993). Furthermore, "[r]eadily usable drugs in close proximity to an accused

may constitute sufficient circumstantial evidence to support a finding of constructive possession." *State v. Ruby*, 2nd Dist. Nos. 02CA6, 02CA22, 2002-Ohio-5381, ¶ 36; *see also*, *State v. Spurlock*, 3d Dist. No. 5-03-11, 2003-Ohio-6006, at ¶ 18.

{¶19} The State may show constructive possession by circumstantial evidence alone. *See State v. Trembly*, 137 Ohio App.3d 134, 141 (2000). Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, are evidence that the trier of fact can consider in determining whether the defendant had constructive possession. *See State v. Norman,* 10th Dist. No. 03AP–298, 2003-Ohio-7038, ¶31; *State v. Baker,* 10th Dist. No. 02AP–627, 2003-Ohio-633, ¶23. Inherent in a finding of constructive possession is the determination that the defendant had knowledge of the item purportedly possessed. *See State v. Alexander,* 8th Dist. No. 90509, 2009-Ohio-597, ¶ 24.

{¶20} Voll maintains that the State did not prove she "possessed" the drug paraphernalia. Specifically she contends that the State failed to prove possession because the State did not show Voll was in possession of the crack pipe.

{¶21} At trial, the State first called Trooper Beynon to the stand to prove Voll possessed drug paraphernalia. Beynon testified that when he removed Eric Dear from the backseat of the vehicle during the stop (Dear was the passenger seated in the backseat to the right of Voll) Trooper Bryner informed Trooper

Beynon that there was what appeared to be a glass crack pipe in plain view on the backseat. (Tr. at 10). Trooper Beynon testified that the pipe did, in fact, test positive for "crack" and the lab results illustrating this were entered into evidence along with the pipe itself. (Tr. at 13).

{¶22} Trooper Beynon testified that the pipe was to Voll's right in the backseat of the vehicle, in plain view. (Tr. at 10-11). According to Beynon, during his interaction with Voll, Voll appeared very nervous and the artery in her neck was pumping very fast indicating an accelerated heart rate. (Tr. at 15). Trooper Beynon testified that Voll denied any knowledge of the pipe. (Tr. at 16).

{¶23} The State then called Trooper Bryner to testify at the trial. Trooper Bryner testified that he first observed the glass pipe when Eric Dear was removed from the vehicle. (Tr. at 22). Trooper Bryner testified that three-quarters of the pipe was in plain view. (Tr. at 23). Further, Trooper Bryner testified that the pipe was six to twelve inches to Voll's right, on the outside of Dear's seatbelt receiver, and that Voll would have been able to see it "plain as day." (Tr. at 24).

{¶24} Based upon these facts and circumstances, we find that there was sufficient circumstantial evidence for the court to conclude that Voll constructively possessed the crack pipe, and therefore, was in possession of drug paraphernalia. Accordingly Voll's first assignment error is, therefore, overruled.

**{¶25}** Having already established that there was sufficient evidence to convict Voll, we now turn to look at whether the greater amount of credible evidence warranted conviction.  After the State rested Voll testified in her own defense, arguing that she had no knowledge of the crack pipe, and that she had not even seen the pipe until Trooper Bryner pointed it out.

**{¶26}** On appeal Voll cites *State v. Cooper*, 3d Dist. No. 9-06-49, 2007-Ohio-4937, for a fact pattern wherein we overturned a conviction for possession.  This case is factually distinguishable from *Cooper*.  In *Cooper*, there was no evidence presented that the defendant had any knowledge that drugs were located in the pocket behind the seat in the car he was in or that the defendant was capable of exercising dominion over the drugs.  *Cooper* at ¶ 29.  Here there was testimony provided by Trooper Bryner that the pipe would have been visible from Voll's perspective "plain as day" and that the pipe was only six to twelve inches from her making it readily accessible to her.  Thus not only could she exercise dominion over it but a factfinder could infer her knowledge of it by its apparent visibility.

**{¶27}** Finally we note that Voll testified at trial maintaining her innocence and her ignorance of the pipe close in proximity to her in plain view.  However, it is well within the province of the trier-of-fact to determine Voll's credibility in making those statements including the prerogative to find Voll's denials not to be truthful.  Under these circumstances we cannot find that the factfinder "clearly lost

its way" in convicting Voll of possession of drug paraphernalia or that Voll's conviction was a "miscarriage of justice." Accordingly, Voll's second assignment of error is overruled.

{¶28} For the foregoing reasons Voll's assignments of error are overruled and the judgment of the Marysville Municipal Court is affirmed.

*Judgment Affirmed*

**PRESTON and ROGERS, J.J., concur.**

**/jlr**