[Cite as *State v. Nicholson*, 2025-Ohio-2639.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

V.

JASON B. NICHOLSON,

    DEFENDANT-APPELLANT.

CASE NO. 5-24-24

OPINION AND
JUDGMENT ENTRY

Appeal from Hancock County Common Pleas Court
Trial Court No. 2023 CR 00306

Judgment Reversed and Cause Remanded

Date of Decision:  July 28, 2025

APPEARANCES:

    *W. Alex Smith* **for Appellant**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jason B. Nicholson ("Nicholson"), appeals the June 17, 2024 judgment entry of sentencing of the Hancock County Court of Common Pleas. For the reasons that follow, we reverse.

{¶2} This case stems from a stop of Nicholson's vehicle initiated by the Findlay police on January 18, 2023, for the purpose of arresting Nicholson's sole passenger. Following the passenger's arrest, Nicholson gave consent for law enforcement to search his vehicle. The passenger admitted to possessing the drugs and drug paraphernalia found in her purse. In addition to the drugs found in the passenger's purse, a small item was found "pushed down in between the driver's seat and the center console that was right by the seat belt release." (Apr. 29, 2024 Tr. at 162). The small item was found "with a, like a brown piece of paper, or something like brown, maybe a napkin or a piece of paper, like it had been purposely concealed there." (*Id.* at 164). Law enforcement believed the concealed item contained suspected narcotics. Subsequent testing by BCI established the concealed item contained 0.28 grams of cocaine.

{¶3} On July 25, 2023, the Hancock County Grand Jury indicted Nicholson on a single count of possession of cocaine in violation of R.C. 2925.11(A), a fifth-

degree felony. On September 20, 2023, Nicholson appeared for arraignment and entered a plea of not guilty.

{¶4} On April 24, 2024, the State filed a notice of intent to use "any and all items of evidence available to the State" at trial. (Doc. No. 35). Thereafter, on April 26, 2024, the State filed discovery setting forth Nicholson's prior convictions as follows:

a. Hancock County Common Pleas Court, Case No. 1996CR163
   11/20/1997
   Burglary – Felony 2
   Breaking and Entering, three counts – Felony 5

b. Allen County Common Pleas Court, Case No. 2006CR518
   5/15/2007
   Possession of Cocaine – Felony 5

(Doc. No. 37).

{¶5} On April 26, 2024, Nicholson filed a motion in limine requesting that the trial court issue a pretrial ruling on the admissibility of evidence of his prior convictions. Nicholson argued that the burglary and breaking-and-entering convictions from 1997 were 20 years old, not relevant to the current offense, and highly prejudicial. As to the possession-of-cocaine conviction from 2007, Nicholson argued that the conviction was inadmissible under Evid.R. 404(B) as a prior bad act. Nicholson further argued that the conviction was over ten years old, not relevant, and highly prejudicial. Nicholson also argued that the State failed to

provide sufficient notice of its intention to use such evidence for impeachment purposes as required by Evid.R. 609(B).

{¶6} The case proceeded to trial on April 29, 2024. Prior to jury voir dire, the trial court addressed the issue of Nicholson's prior convictions and determined that evidence of the prior convictions was admissible for impeachment purposes if Nicholson elected to testify. In making its decision, the trial court erroneously concluded that Nicholson's prior convictions "are all theft or theft-related offenses, not subject to the 10 year limitation" of Evid.R. 609. (Apr. 29, 2024 Tr. at 9).

{¶7} Nicholson testified in his own defense at trial. During the State's cross-examination of Nicholson, the trial court gave the following limiting instruction:

> THE COURT: All right. Ladies and gentlemen, it is my belief that [the State] is going to be asking some questions of this witness regarding possible prior convictions. The evidence that you're about to hear is being admitted for a very limited purpose. It is not being received, and you cannot consider it to prove the character of the Defendant, or to prove that he is acting somehow in conformity with those prior acts.
>
> You may consider the evidence only for the purposes of testing the Defendant's credibility and what weight, if any, to be given to the Defendant's testimony. You cannot consider this evidence for any other purpose.

(*Id.* at 220-221). The jury then heard evidence of Nicholson's prior convictions of burglary, breaking and entering, and possession of cocaine. The jury also heard evidence that Nicholson served seven years in prison on the burglary conviction.

{¶8} On April 29, 2024, the jury found Nicholson guilty of possession of cocaine.

{¶9} On June 17, 2024, the trial court sentenced Nicholson to five years of community control sanctions.

{¶10} Nicholson filed his notice of appeal on July 1, 2024. He raises two assignments of error for our review.

**First Assignment of Error**

**The trial court erred by permitting the introduction of irrelevant and prejudicial prior convictions in violation of the Ohio Rules of Evidence 404(B) and 609(B).**

{¶11} In his first assignment of error, Nicholson argues that the trial court erred by admitting evidence of his prior convictions without first making a determination that "the probative value substantially outweighs its prejudicial effect" as required under Evid.R. 609(B). (Appellant's Brief at 4). Nicholson contends that the admission of such evidence improperly prejudiced the jury and substantially affected his right to a fair trial. We agree.

*Standard of Review*

{¶12} "It is well settled that '[t]he trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not

disturb the decision of the trial court.'" *State v. Barnes*, 94 Ohio St.3d 21, 23 (2002), quoting *State v. Issa*, 93 Ohio St.3d 49, 64 (2001).

{¶13} "'Evidence of prior convictions is prohibited except under narrow circumstances.'" *State v. Jackson*, 2010-Ohio-2297, ¶ 25 (3d Dist.), quoting *State v. Trimble*, 2009-Ohio-2961, ¶ 172. "One such circumstance is for impeachment purposes when a defendant testifies." *Jackson* at ¶ 25. Specifically, Evid.R. 609(A)(2) provides that "evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year . . . and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶14} If, however, more than ten years has elapsed since the date of the conviction, the release from confinement, or the termination of community control sanctions, evidence of the old conviction is not admissible "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect." Evid.R. 609(B).

*Analysis*

{¶15} As an initial matter, we note that the State did not file an appellee's brief. Under these circumstances, App.R. 18(C) provides that we "may accept the

-6-

appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

{¶16} Following our review of the record, we accept Nicholson's statement of the facts and issues related to his first assignment of error as correct and reverse the judgment of the trial court. In particular, we conclude that the trial court committed reversible error when it admitted evidence of Nicholson's prior convictions—wherein more than ten years has elapsed since the date of each conviction, the release from confinement, or the termination of community control sanctions—without first making a determination as required under Evid.R. 609(B). *See State v. Allen*, 29 Ohio St.3d 53, 55 (1987). That is, the trial court failed to determine, in the interests of justice, whether the probative value of Nicholson's old convictions supported by specific facts and circumstances substantially outweighs their prejudicial effect.

{¶17} We further conclude that Nicholson was materially prejudiced by the trial court's failure to make a determination as required under Evid.R. 609(B) because he was denied a fair trial. Moreover, the trial court's limiting instruction to the jury that Nicholson's prior convictions are not to be considered to prove his character, or to show that he acted in conformity therewith, is insufficient to cure the error. Of particular concern is the jury hearing evidence of Nicholson's prior conviction of possession of cocaine. "When the prior conviction is for the same

crime with which a defendant is presently charged, the risk of unfair prejudice is greater. The natural tendency of prior conviction evidence in this situation is to instill in the minds of the jurors the idea that 'if he did it before, he probably did [so] this time.'" *State v. Evans*, 2006-Ohio-2564, ¶ 68 (4th Dist.), quoting *State v. Goney*, 87 Ohio App.3d 497, 502 (2nd Dist. 1993), citing *Gordon v. United States*, 383 F.2d 936, 940 (D.C.Cir. 1967).

{¶18} Accordingly, Nicholson's first assignment of error is sustained.

{¶19} Having concluded that the trial court committed reversible error, we must next consider Nicholson's second assignment of error challenging the sufficiency of the evidence. *See State v. Gideon,* 2020-Ohio-6961, ¶ 2 ("An assignment of error challenging the sufficiency of the evidence is potentially dispositive of a defendant's conviction and may not be rendered moot by a remand on any other assignment of error.").

**Second Assignment of Error**

**The State failed to prove the element of "knowingly" beyond a reasonable doubt.**

{¶20} In his second assignment of error, Nicholson argues that his possession-of-cocaine conviction is not supported by sufficient evidence. Specifically, Nicholson contends that the State presented insufficient evidence that he "knowingly" possessed the cocaine found between the driver's seat and the center console of his vehicle.

*Standard of Review*

{¶21} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds, State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.), citing *State v. Williams*, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 2013-Ohio-2380, ¶ 19 (3d Dist.) ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

{¶22} Under Crim.R. 29(A), a court "shall order the entry of a judgment of acquittal of one or more offenses . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." Consequently, "[a] motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining

whether a verdict is supported by sufficient evidence." *State v. Tenace*, 2006-Ohio-2417, ¶ 37.

*Analysis*

{¶23} In this case, Nicholson moved for a judgment of acquittal under Crim.R. 29(A) at the close of the State's case-in-chief, which the trial court denied. Thereafter, Nicholson presented evidence in his defense, but failed to renew his Crim.R. 29(A) motion at the close of all the evidence. Thus, according to this court's precedent, Nicholson has waived all but plain error. *See State v. Hurley*, 2014-Ohio-2716, ¶ 38 (3d Dist.) (noting that reviewing a sufficiency-of-the-evidence argument for prejudicial error or plain error is academic because a conviction based on legally insufficient evidence is a denial of due process and warrants reversal). Accordingly, we will proceed to determine whether the State presented sufficient evidence during its case-in-chief.

{¶24} Nicholson was convicted of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. R.C. 2925.11(A) provides, "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶25} "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance

through ownership or occupation of the premises upon which the thing or substance is found."  R.C. 2925.01(K).

**{¶26}** On appeal, Nicholson argues only that there is insufficient evidence that he had knowledge of the drugs found between the driver's seat and the center console of his vehicle.  Nicholson asserts that "[s]imply being in a vehicle with drugs is not enough to prove knowledge of possession."  (Appellant's Brief at 9).  Because knowledge is the only element Nicholson challenges on appeal, our review is limited to this issue.

**{¶27}** "The issue of whether a person charged with drug possession knowingly possessed a controlled substance 'is to be determined from all the attendant facts and circumstances available.'"  *State v. Brooks,* 2012-Ohio-5235, ¶ 45 (3d Dist.), quoting *State v. Teamer,* 82 Ohio St.3d 490, 492 (1998).  "Knowingly" is defined as follows:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature.  A person has knowledge of circumstances when the person is aware that such circumstances probably exist.  When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

R.C. 2901.22(B).

{¶28} "Possession of drugs can be either actual or constructive." *State v. Bustamante*, 2013-Ohio-4975, ¶ 25 (3d Dist.). "A person has 'actual possession' of an item if the item is within his immediate physical possession." *State v. Williams*, 2004-Ohio-1130, ¶ 23 (4th Dist.). "A person has 'constructive possession' if he is able to exercise dominion and control over an item, even if the individual does not have immediate physical possession of it." *Bustamante* at ¶ 25. "For constructive possession to exist, '[i]t must also be shown that the person was conscious of the presence of the object.'" *Id.*, quoting *State v. Hankerson*, 70 Ohio St.2d 87, 91 (1982).

{¶29} "[T]he State may prove the existence of the various elements of constructive possession of contraband by circumstantial evidence alone." *Bustamante* at ¶ 25. "Absent a defendant's admission, the surrounding facts and circumstances, including the defendant's actions, are evidence that the trier of fact can consider in determining whether the defendant had constructive possession." *State v. Voll*, 2012-Ohio-3900, ¶ 19 (3d Dist.).

{¶30} Viewing the evidence presented in the State's case-in-chief in a light most favorable to the prosecution, we conclude that a rational trier of fact could have determined "from all the attendant facts and circumstances available" that Nicholson knowingly possessed the drugs found between the driver's seat and the center console of his vehicle. *Teamer,* 82 Ohio St.3d at 492. Specifically, the State

presented testimony from law enforcement to establish that the vehicle was registered to Nicholson and that he was the driver at the time of the stop. The testimony further established that the drugs were found in an area of the vehicle where Nicholson was able to exercise dominion and control over them. The arresting officer testified that, after stopping the vehicle, he quickly approached the passenger's side of the vehicle and did not see "any sort of movements . . . or jostling around" between Nicholson and the passenger. (Apr. 29, 2024 Tr. at 148). Moreover, the detective who conducted the search of Nicholson's vehicle testified that he did not see the passenger lean over or place anything in the driver's side of the vehicle.

{¶31} "A jury can make reasonable inferences from the evidence." *State v. Knight*, 2016-Ohio-8134, ¶ 26 (10th Dist.). "'It is permissible for a jury to draw inferences from the facts presented to them.'" *Id.*, quoting *State v. Sanders,* 1998 WL 78787, *3 (6th Dist. Feb. 13, 1998), citing *State v. Palmer*, 80 Ohio St.3d 543, 561 (1997). Here, the fact that the drugs were found in an area of the vehicle that was easily accessible to the driver, coupled with the testimony from law enforcement that the passenger did not make any movement near the driver's side of the vehicle, leads to an inference that Nicholson knowingly possessed the drugs.

{¶32} Thus, when examining the evidence in a light most favorable to the State, we conclude that a rational trier of fact could have inferred from the testimony

of law enforcement that that Nicholson knowingly possessed the drugs found between the driver's seat and the center console of his vehicle. *See State v. Willamson*, 2017-Ohio-7098, ¶ 58 (2d Dist.) (sufficient evidence supported the conclusion that the defendant knowingly possessed the heroin and cocaine where officers found a bag of heroin capsules on the passenger seat of the vehicle and an additional baggie of cocaine "in the middle console of the car, in the ashtray, just below the radio [both of which] would have been easily accessible to the driver").

{¶33} Accordingly, Nicholson's second assignment of error is overruled.

{¶34} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his first assignment of error, we reverse the judgment of the trial court and remand this cause for a new trial.

*Judgment Reversed*
*and Cause Remanded*

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

Case No. 5-24-24

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the first assignment of error is sustained and the second assignment of error is overruled, and it is the judgment and order of this Court that the judgment of the trial court is reversed with costs assessed to Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

William R. Zimmerman, Judge

Juergen A. Waldick, Judge

John R. Willamowski, Judge

DATED:
/hls

-15-